UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY CORRECTIONAL CARE, et al.,<br><br>Defendants. | CAUSE NO. 2:22-CV-341-JTM-JEM |

OPINION AND ORDER

Christopher Collins, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Collins raises issues concerning his medical care at the Jasper County Jail after he punched a wall and suspected he broke his hand. He sues six defendants: Quality Correctional Care, Jasper County, Dr. Lee, Dr. Eric Tchaptchet, Dr. Jeffrey Bernfield, and Trident Care Imaging Radiology Service. But he mentions only Dr. Lee in the body of his complaint, and therefore the court will consider only the

allegations connected to Dr. Lee. The complaint is deficient as to the other defendants because the complaint must give each defendant notice of how that defendant allegedly violated Collins' rights. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) ("A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." (internal quotation marks omitted)).

As to Dr. Lee, the complaint alleges that Collins punched a wall on August 19, 2022, and injured his hand. He says his hand was swollen and painful, but Dr. Lee only prescribed Tylenol and ice. Dr. Lee did not order an x-ray, like Collins wanted. An x-ray taken on August 22, 2022, revealed a fracture in the shaft of the fourth metacarpal without significant displacement. (DE # 1 at 8.)

Collins alleges he was a pretrial detainee at the time of his injury. As a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or

2

perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Collins does not plausibly allege Dr. Lee acted unreasonably by giving him Tylenol and ice after his injury. He reports only that his hand was swollen and painful. It is not unreasonable under these circumstances to try ice and a pain reliever first to see if that will resolve the pain and swelling before moving on to other treatment options.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Collins may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Christopher Collins until **September 25, 2023**, to file an amended complaint; and

(2) CAUTIONS Christopher Collins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: August 23, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT