UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>ERIC TCHAPTCHET<br><br>Defendant. | CAUSE NO. 2:22-CV-341-JTM-JEM |

## OPINION and ORDER

Christopher Collins, a prisoner without a lawyer, filed a complaint, alleging that he received constitutionally inadequate medical care at the Jasper County Jail after he punched a wall and his hand became swollen and painful. He suspected it was broken. (DE # 1.) The court determined that his complaint did not state a claim because Collins mentioned only one defendant in the body of the complaint, and it was not objectively unreasonable for that defendant—Dr. Lee—to prescribe Tylenol and ice right after the injury happened. (DE # 16 at 3.) Collins was given the opportunity to file an amended complaint to explain why he believed the other defendants could be liable, and he has done so. (DE # 17.)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Collins again sues Dr. Lee as well as Dr. Eric Tchaptchet, Dr. Jeffrey Bernfield, Quality Correctional Care, Trident Care Imaging Radiology Service, and the Jasper County Jail. (DE # 17 at 1-2.) He alleges after he injured his hand on August 19, 2022, medical staff contacted Dr. Lee, who was on call, and Dr. Lee prescribed Tylenol and ice. *Id.* Dr. Tchaptchet later ordered an x-ray of Collins' hand, and the x-ray from August 22, 2022, revealed a "[n]ew transverse fracture involving the shaft of the fourth metacarpal without significant displacement." (DE # 1-2 at 3.) Collins alleges that he did not get a cast put on his hand until 12 days later. (DE # 17 at 2.) Because of this delay, he says his hand did not heal properly and his fingers are numb. *Id.*

Collins alleges that he was a pretrial detainee at the time of his injury. As a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully,

2

knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Collins' allegations against Dr. Lee are unchanged, and therefore there is no basis to reconsider the court's prior determination that his actions in ordering Tylenol and ice right after the injury were not objectively unreasonable. However, Collins has plausibly alleged that it was objectively unreasonable to wait 12 days after the fracture was discovered to put his hand in a cast. Collins blames both Dr. Tchaptchet and Dr. Bernfield for this decision, but the x-ray report reveals that Dr. Bernfield's role was limited to reading the x-ray, and not making treatment decisions. (DE # 1-2 at 3.) He, therefore, cannot be held responsible for the delay. Collins may proceed against only Dr. Tchaptchet for providing objectively unreasonable medical care by waiting 12 days to immobilize the fractured hand.

The remaining defendants must be dismissed. Quality Correctional Care, the private company providing medical care at the jail, cannot be held liable based solely on the actions of its employees. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020) (no general *respondeat superior* liability under 42 U.S.C. § 1983). A private company performing the public function of providing medical care at a jail can be sued under

3

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). Here, there are no allegations connecting the treatment delay to an official custom or policy.

It appears that Collins is suing Trident Care Imaging Radiology Service because it is the company that performed the x-ray. However, there is no basis to conclude that Trident Care is a proper defendant in a suit under 42 U.S.C. § 1983. A defendant cannot be sued under § 1983 unless it was acting under color of state law. *See Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). "[P]rivate organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009). There are no facts alleged to suggest that Trident Care's relationship with the jail is so substantial as to turn it into a state actor when it provides x-rays to inmates.

Finally, Collins sues the Jasper County Jail on the basis that an officer saw him hit the wall and saw how badly his hand was swollen but did not take him to the hospital then or after the x-ray showed that his hand was broken. (DE # 17 at 3.) However, the jail is a building and not a suable entity that can be held responsible for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037,

4

1040 (7th Cir. 2012). Even if Collins named as defendants the individual officers who saw him hit the wall, the claims against them could not proceed. Collins was under the care of medical professionals. As nonmedical officers, jail custody staff may typically rely on medical staff's judgment regarding whether medical care is being appropriately provided. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *see also Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018) ("When detainees are under the care of medical experts, nonmedical jail staff may generally trust the professionals to provide appropriate medical attention."). There are no facts alleged that take this case outside of that general rule.

For these reasons, the court:

(1) **DIRECTS** the clerk to attach the exhibits (DE # 1-2) to the amended complaint (DE # 17);

(2) **GRANTS** Christopher Collins leave to proceed against Dr. Eric Tchaptchet in his individual capacity for compensatory and punitive damages for unreasonably delaying treatment for Collins' hand after he learned on August 22, 2022, that it was fractured in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Quality Correctional Care, Lee, Jeffrey Bernfield, Trident Care Imaging, and Jasper County Jail;

(5) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Dr. Eric Tchaptchet at Quality Correctional Care, LLC, with a copy of this order and the complaint (DE # 17);

(6) **ORDERS** Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Dr. Eric Tchaptchet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: March 6, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT